

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Special Prosecutions Division*

---

970 Broad Street, Suite 700  (973) 645-2700
Newark, New Jersey 07102

October 7, 2015

*Via ECF*

Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *United States v. William E. Baroni, Jr. and Bridget Anne Kelly*
            Crim. No. 15-193 (SDW)

Dear Judge Wigenton:

      The United States respectfully submits this letter to respond to certain assertions made by defendant William E. Baroni, Jr. in his opposition to the motion of non-party Gibson Dunn & Crutcher ("GDC") to quash defendants' Rule 17(c) subpoena. *See* Docket Entry 36 ("Baroni Mem."), at 6-9. The subpoena calls for the pretrial production of the following:

    a.  Any and all handwritten or typed notes, stenographic transcripts and audio and/or video recordings of witness interviews conducted by GDC during its representation of the Office of the Governor of New Jersey (the "OGNJ") from on or about January 16, 2014 to the present, and

    b.  Any and all metadata and the document properties for all typed notes and interview summaries created during interviews of witnesses during GDC's representation of the OGNJ from on or about January 16, 2014 to the present.

      Baroni contends that this Office has been "silen[t]" regarding the propriety of the Rule 17(c) subpoena. Baroni apparently overlooks this Office's June 4, 2015 letter, in which the Government explained that it did "not object to the issuance of the subpoena for the [above-referenced] materials." Docket Entry 17. The Government reiterates that position here.

      Baroni further questions whether the Government "approved, tacitly or explicitly" the protocol that GDC used in preparing its interview memoranda. Baroni Mem. at 6. In no way did

the Government direct or approve how GDC memorialized the interviews that it conducted during its investigation.

Baroni further contends that the subpoenaed materials are discoverable pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), based on what Baroni characterizes as GDC's "cooperation" with this Office. *Id.* at 6-7. Baroni asserts that, based on what he claims was GDC's "cooperation," the requested materials are now in the "possession, custody or control" of this Office for purposes of Rule 16(a)(1)(E) and that this Office should direct GDC to produce these materials to the defendants pursuant to Rule 16. *Id.* at 7.

Baroni's argument is fanciful. Baroni leaps from GDC's own characterization of its mandate from the OGNJ as "in part 'to facilitate cooperation with the U.S. Attorney's Office's investigation and other relevant inquiries,'" *id.* at 6 (quoting GDC's March 2014 report of its investigation at 35), to the conclusion that "GDC and the government have openly coordinated their respective investigations." *Id.* at 7. Baroni's claim is illogical and untrue. This Office did not in any way coordinate the grand jury's investigation with GDC or the OGNJ or enter into any agreement with GDC or the OGNJ requiring their cooperation with this Office.  Further, this Office in no way compelled the OGNJ's involvement in the federal investigation, other than through the issuance of grand jury subpoenas. Rather, the OGNJ made an independent decision to have GDC conduct its own investigation entirely separate and apart from any federal investigation. GDC's own statements about its client's "cooperation" with this Office do not justify Baroni's assertion that OGNJ records are in the "possession, custody, or control" of this Office within the meaning of Rule 16.

The circumstances here are a far cry from the situation in *United States v. Stein*, 488 F. Supp. 2d 350 (S.D.N.Y. 2007), the case upon which Baroni relies. *See* Baroni Mem. at 7-8. In *Stein*, the United States Attorney's Office for the Southern District of New York and the defendant's employer, KPMG, entered into a deferred prosecution agreement ("DPA") by which KPMG contractually bound itself "*to cooperate fully and actively with the [U.S. Attorney's] Office*," including by "*providing . . . all documents, records, information, and other evidence in KPMG's possession, custody, or control as may be requested by the [U.S. Attorney's] Office*." *Id.* at 353 (emphasis in original). The court in *Stein* ruled that Rule 16 compelled the government and KPMG to disclose the requested KPMG records because the DPA placed them within the Government's "possession, custody and control." *Id.* at 364.[1] Here, by contrast, the OGNJ did not enter into a DPA or any other form of cooperation agreement with this Office, much less one that used the language of Rule 16—"possession, custody or control"—in specifying an obligation to provide documents.

---

[1] Baroni also cites *United States v. Kilroy*, 523 F. Supp. 206 (E.D. Wisc. 1981), in support of his position that the Government has an obligation to produce GDC records. While in *Kilroy* the exact contours of the agreement between the Government and Standard Oil, the entity whose documents were sought, are not entirely clear, the OGNJ, unlike Standard Oil, did not agree to "mak[e] available to the Government for retention in the Government's files any records which [the OGNJ] has and which the Government wants." *Id.* at 215.

2

Accordingly, Baroni's baseless claim that the requested materials are in the "possession, custody or control" of this Office should have no bearing on whether the subpoena should be enforced.

                                            Respectfully submitted,

                                            PAUL J. FISHMAN
                                            United States Attorney

By:     /s/*Lee M. Cortes, Jr.*
            Lee M. Cortes, Jr.
            Vikas Khanna
            David W. Feder
            Assistant U.S. Attorneys

cc:    Michael Critchley, Esq. (via ECF)
        Michael Baldassare, Esq. (via ECF)
        Alexander Southwell, Esq. (via ECF)