**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 9, 2015

**VIA CM/ECF**

The Honorable Susan D. Wigenton
United States District Judge
District of New Jersey
M.L. King Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   **United States v. Baroni, et al., 15 Cr. 193 (SDW)**

Dear Judge Wigenton:

      We respectfully write as counsel to the Office of the Governor of New Jersey ("OGNJ") and on behalf of nonparty Gibson, Dunn & Crutcher LLP ("GDC") to further clarify a point raised in the letter from the U.S. Attorney ("USAO Letter") (ECF No. 38), filed on October 7, 2015, after we filed our reply brief (ECF No. 37) on our motion pursuant to Federal Rule of Criminal Procedure 17(c) to quash the subpoena *duces tecum* that Defendants directed to GDC, concerning the internal investigation GDC conducted for the OGNJ.

      In particular, the USAO Letter, in addressing certain contentions raised in the individual opposition to our motion filed by Defendant William E. Baroni, Jr. (ECF No. 36), states: "In no way did the Government direct or approve how GDC memorialized the interviews that it conducted during its investigation." USAO Letter at 1-2. To the extent there might be any remaining lack of clarity concerning the process by which GDC "memorialized the interviews that it conducted during its investigation," we want to ensure our protocol and practice for this investigation is clear. It is correct that the Government did not direct or approve how we memorialized the interviews. Our mandate was to undertake an internal investigation of conduct stemming from the realignment of lanes at the George Washington Bridge, and to investigate separate allegations in January 2014 by Hoboken Mayor Dawn Zimmer regarding the allocation of disaster relief aid following Superstorm Sandy. We approached that mandate building on our experience with extremely sensitive investigations and matters, having in mind the additional reality that a legislative committee investigation and related—and often intense—news media inquiries were ongoing. We were therefore careful about the manner in which we prepared our interview memoranda and other work product. With respect to witness interviews, as we have noted, those were summarized electronically by one attorney while the interviews were being conducted and then edited electronically into a single, final version. Those interview memoranda did not include

GIBSON DUNN

The Honorable Susan D. Wigenton
October 9, 2015
Page 2

matters discussed that were beyond GDC's mandate and tangential, if not irrelevant, to GDC's investigation. Those final interview memoranda were then printed and ultimately released publicly, and have since been produced directly to Defendants in this criminal case.

  Thank you for your consideration.

Respectfully,


/s/  Randy M. Mastro
Randy M. Mastro

cc: All counsel (*via ECF*)