

<u>VIA ECF</u>

January 12, 2016

The Honorable Susan D. Wigenton,
  United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   *United States v. William E. Baroni, Jr.,*
      Criminal No.:  15-00193 _____

Dear Judge Wigenton:

As the Court knows, this firm represents Mr. Baroni in the above-referenced matter.  This letter sets forth Mr. Baroni's objection to the prosecution's disclosure of the unindicted co-conspirator information referenced in the Indictment.

Yesterday, the prosecution submitted a letter directly to the Court and Mr. Baroni containing its disclosure regarding the unindicted co-conspirators referenced in the Indictment. In that letter, the prosecution asks the Court to permanently shield its disclosure from public view given the "sensitive nature" of the information contained therein.  The prosecution's submission is contrary to law for at least three reasons.[1]

<u>First</u>, the prosecution cites no legal authority to seal the content of its response to Mr. Baroni's Bill of Particulars Motion.[2]  Unlike, for example, grand jury or certain *qui tam* information, the content of the prosecution's disclosure here is not shielded from public view by statute or rule.  *E.g.*, Fed. R. Crim. P. 6(e); 31 U.S.C. § 3729.

<u>Second</u>, even if there were a legal basis to shield the content, sending that information to the Court without any public notice of the direct-to-chambers submission violates the explicit, detailed and well-established filing procedures in this District.  *E.g.*, ECF Policies and Procedures, No. 10(b).  The prosecution knows this.  Indeed – before reversing course to its

---

[1] Mr. Baroni reserves his right to supplement the legal arguments set forth in this letter.
[2] The prosecution relies upon a manual that has no force of law (Section 9-27.760 of the U.S. Attorney's Manual). Surprisingly, that Section counsels precisely the opposite of what has occurred.  That manual instructs prosecutors to seek leave to seal under the appropriate procedure and to obey whatever court Order may be in place regarding disclosure of information regarding a Bill of Particulars, such as the one sought by Mr. Baroni in this case.

Page 2

current clandestine submission – the prosecution told the Court, Mr. Baroni and the public that this disclosure would be "<u>filed</u> under seal[.]"  Doc. No. 45 at 35 (emphasis added).  Under the applicable procedures, the prosecution is required to publicly file a motion to seal indicating that the disclosure has been provisionally filed under seal, and to send the document to the Clerk.  In its motion to seal, the prosecution is required to demonstrate why the document should be provisionally sealed and why it should remain sealed for all time.  Here, the prosecution did not file a motion, did not tell the public about its submission, and did not send a copy of the document to the Clerk.  Rather, the prosecution explicitly states in its letter to the Court that "the Government is not filing this letter with the Clerk's Office."  The prosecution's decision to unapologetically ignore the law is stunning.

<u>Third</u>, the Court has already entered a Protective Order in this case that governs what information may be filed under seal.  *See* Doc. No. 22.  That Order does not cover the unindicted co-conspirator information and, even if it did, what the prosecution did yesterday is contrary to the Order.

As matters stand now, the prosecution's disclosure regarding the unindicted co-conspirators referenced in the Indictment is not shielded from the public.  Moreover, there is no legally cognizable application before the Court to take such an extraordinary step.

Mr. Baroni has a right to a full and fair trial of the false allegations leveled against him. The prosecution's repeated attempts to deprive him of those rights through secrecy cannot stand.

Respectfully,

Michael Baldassare