UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| v. | : | Crim. No. 15-193 (SDW) |
| WILLIAM E. BARONI, JR. and BRIDGET ANNE KELLY | : | **PROTECTIVE ORDER** |

This matter having come before the Court upon the application of the Office of the Governor of New Jersey ("OGNJ") (Alexander H. Southwell, Esq., Gibson Dunn & Crutcher LLP, appearing) pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order concerning the use of materials produced by OGNJ in response to Rule 17(c) subpoenas served on March 10, 2016 and March 16, 2016, respectively, by defendant William E. Baroni, Jr. (Michael Baldassare, Esq., appearing) and defendant Bridget Anne Kelly (Michael Critchley, Esq., appearing); the Defendants having agreed to provide the Government with a copy of the materials that OGNJ produces to them in response to such subpoenas at or about the time of the Defendants' receipt of such materials; OGNJ, the Defendants, and Paul J. Fishman, United States Attorney for the District of New Jersey (by Lee M. Cortes, Jr., Vikas Khanna, and David W. Feder, Assistant U.S. Attorneys) having consented to the entry of this protective order; and for good cause shown,

IT IS on this _____ day of April, 2016,

ORDERED that:

1. Defense counsel shall use all materials produced to the Defendants by OGNJ bearing bates stamp OGNJ-CR-###### (the "OGNJ Materials") only in the preparation of the defense in this case. For the avoidance of doubt, this protective order does not apply to any publicly available materials, or to any materials produced by the Government to Defendants

during discovery (in other words, it only applies to the OGNJ Materials bearing bates stamp OGNJ-CR-######).

2. Defense counsel shall not disclose the OGNJ Materials to anyone other than the Defendants, and any agent working at the direction of defense counsel in this matter (collectively, the "Defense"), and the Government.

3. Notwithstanding the provisions of Paragraph 2, the Defense shall be permitted to review the OGNJ Materials with others, including prospective witnesses and their counsel, to the extent necessary to prepare the defense of the above-captioned case.

4. Notwithstanding the provisions of Paragraph 2, the Defense shall be permitted to disclose the OGNJ Materials for use at trial, subject to Fed. R. Crim. P. 49.1 and any other applicable law or rules.

5. If any of the Defendants or the Government intends to include any of the OGNJ Materials in connection with the filing of a motion in this matter, that party may notify OGNJ three (3) business days in advance of filing, if practicable under the circumstances, which notice shall identify the materials the party intends to file. OGNJ will promptly indicate if it considers any of the identified materials to be confidential, in which case such materials shall be filed provisionally under seal. If, however, it is not practicable for the filing party to provide this advance notice to OGNJ, any OGNJ Materials shall be provisionally filed under seal. If OGNJ includes any of the OGNJ Materials that it considers to be confidential in any filing, OGNJ shall file such materials provisionally under seal. Any of the parties and OGNJ shall have ten days from the date of a filing in which OGNJ Materials are provisionally filed under seal to make a formal motion to seal any or all such materials, which may be opposed by any other party. If the Court grants the motion to seal, the materials at issue in the motion to seal shall remain under seal. If no motion to seal is filed, or such motion is denied, the materials shall be unsealed.

6. The Defense shall not disclose any of the OGNJ Materials beyond the uses described in Paragraphs 1 through 5 of this Order without leave of the Court obtained on application to the Court with notice to OGNJ and the Government.

_____
**HONORABLE SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**